JOURNAL ENTRY AND OPINION
In 1991, Appellant Christian McDaniels was convicted of aggravated burglary and aggravated robbery with an aggravated felony specification for possession of a firearm. He asserts that Judge Timothy McCormick erred when he denied his postconviction relief petition because the judge failed to review it under the more discretionary standard of former R.C. 2953.23. We disagree and affirm.
On February 17, 1991, James and Georgia Olie returned to their home at 4520 East 168th Street in Cleveland, saw a man come out of the home and get into the backseat of a car that was then driven away by a brown-haired woman. Mrs. Olie remained in her car and followed the getaway car, finally cornering it and intentionally colliding with it at the end of a dead end street. At that point the man emerged from the car, pointed a gun at her and threatened her. He reentered his car and it drove off, tearing up lawns in the process.
On February 22, 1991, both Mr. and Mrs. Olie identified Christian McDaniels from photo arrays containing his photo and that of his brother, Kevin McDaniels. McDaniels was indicted on April 15, 1991, and charged with one count of aggravated burglary (R.C.2911.11) and one count of aggravated robbery (R.C. 2911.01), each with an aggravated felony specification and a firearm specification.
McDaniels' defense at trial was misidentification by Mr. and Mrs. Olie. He claimed that his brother, Kevin, had committed the acts alleged. Kevin McDaniels died on February 21, 1991, from an overdose of Valium and cocaine. Among the items allegedly stolen from the Olie residence was Ms. Olie's prescription medications, including Valium.
On August 15, 1991, McDaniels was convicted of both counts and the aggravated felony specification for possession of a firearm and was sentenced to concurrent terms of 10 to 25 years on each count and a consecutive three-year term for the firearm specification.
After his conviction, McDaniels filed a motion for new trial on the basis that new evidence of Kevin's involvement in the crime had been discovered. The motion included an affidavit from McDaniels' mother averring she found Kevin's address book with an entry listing the Olies' address. The motion was denied in December 1992.
In June 1993, McDaniels' conviction was affirmed on direct appeal. State v. McDaniels (June 17, 1993), Cuyahoga App. No. 62541, unreported. He then filed a motion seeking leave to file a delayed appeal to challenge the denial of his new trial motion, and this was denied in May 1994.
McDaniels filed his first petition for postconviction relief in September 1994. The petition alleged, inter alia, that his trial attorney was ineffective for failing to investigate evidence showing Kevin's involvement in the crime, and that Kevin and Mrs. Olie knew each other prior to February 17, 1991. He faulted his lawyer for failing to discover and introduce that evidence at trial, rather than in a motion for new trial. He further alleged that Judge James J. Sweeney, who had presided at McDaniels' trial, at one time had represented his brother, Kevin, in a case and it was improper for him to have presided over the trial. Judge Sweeney recused himself and the case was assigned to Judge Thomas J. Pokorny.
On March 15, 1995, Judge Pokorny denied McDaniels' petition for postconviction relief, and issued Findings of Fact and Conclusions of Law that determined only that the record was "devoid" of any evidence showing bias by Judge Sweeney. The findings did not specifically address any of the other grounds for relief alleged in the petition. McDaniels appealed the decision, and this court affirmed the denial of postconviction relief in November 1995.[1] State v. McDaniels (Nov. 22, 1995), Cuyahoga App. No. 68845, unreported. We determined, inter alia, that McDaniels was not entitled to a hearing regarding any of the evidence concerning Kevin McDaniels' involvement with the crime, and that McDaniels' claims of ineffective assistance of counsel should have been raised on direct appeal, despite the fact that McDaniels was represented by the same counsel at trial and on direct appeal.[2]
This court also held that McDaniels' claims concerning the failure to transmit trial exhibits to the appellate court for review in the direct appeal should have been raised in the direct appeal.
McDaniels filed a second petition for postconviction relief in September 1996, alleging the discovery of additional evidence that Kevin McDaniels committed the crimes, that Kevin and Mrs. Olie were acquainted prior to the date the crimes were committed and that Mrs. Olie committed perjury in her testimony during the criminal trial. The case was assigned to Judge Pokorny, who denied the Petition on October 2, 1996. McDaniels filed a notice of appeal on October 28, 1996, and, on December 2, 1996, the judge vacated his ruling.
On December 5, 1996, the case was reassigned and transferred to Judge Timothy McCormick. McDaniels then filed a motion to dismiss his appeal, which this court granted on December 24, 1996. McDaniels, thereafter, filed additional materials in support of his petition. The State filed a motion to dismiss McDaniels' petition and mistakenly inserted Judge Pokorny's name, instead of Judge McCormick's, in the caption. Judge Pokorny granted the State's Motion on May 12, 1997, overruled the Motion on June 10, 1997, and, on June 23, 1997, entered an order vacating all orders mistakenly entered by him since December 5, 1996, the date of Judge McCormick's assignment.
On October 8, 1997, Judge McCormick entered an order denying McDaniels' postconviction petition. Again, an appeal was taken, and on November 5, 1998, this court found no final appealable order and remanded the case for entry of Findings of Fact and Conclusions of Law. State v. McDaniels (Nov. 5, 1998), Cuyahoga App. Case No. 73494, unreported. On December 8, 1998, the judge issued Findings of Facts and Conclusions of Law in support of the denial of postconviction relief. He rejected McDaniels' claims that he was unavoidably prevented from presenting the evidence now offered, and found that the evidence presented by the affidavits was not credible or admissible at trial. He concluded that any evidence of perjury by Mrs. Olie related to collateral or irrelevant matters, and would not have affected the outcome of the trial.
McDaniels appealed that ruling and asserts as the first of two assignments of error:
 I. THE TRIAL COURT ERRED. IN DENYING DEFENDANT APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
McDaniels generally contends that the information in the various affidavits, obtained five years after commission of the crimes, provided strong evidence that the eyewitnesses were mistaken, that such evidence would be admissible under exceptions to the hearsay rule and that it disclosed a strong probability of a different result at trial.
McDaniels' second petition for postconviction relief was filed September 19, 1996, less than one year after the effective date of the amendments to O.R.C. § 2953.23 enacted by Senate Bill 4. The 1995 version of R.C. 2953.23 (A) read:
 Whether a hearing is or is not held the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence.
Although Judge McCormick did not state the statutory provision under which he reviewed and dismissed McDaniels' petition, his Findings of Fact and Conclusions of Law suggest a more expansive review and exercise of discretion mandated by former R.C. 2953.23, rather than review under the amended version, which removes nearly all of a judge's discretion in deciding whether to entertain a petition. Under the current version, a judge may not entertain a petition unless the petitioner presents new evidence and shows that he was "unavoidably prevented" from presenting it earlier, and shows by "clear and convincing evidence" that a constitutional error at trial caused his conviction and, but for that error, no reasonable jury could have convicted him.
Because the judge reviewed the substance of the claimed evidence rather than simply determining whether McDaniels was "unavoidably prevented" from raising it at trial, it is apparent that he utilized the more discretionary standard of former R.C.2953.23 instead of the current standard. The judge analyzed McDaniels' claims of newly discovered evidence under the standards set forth in State v. Hawkins (1993), 66 Ohio St.3d 339,612 N.E.2d 1227, rather than those set forth in amended R.C. 2953.23.
The judge reviewed the petition and supporting affidavits purported to be newly discovered evidence and determined that: 1) the claimed evidence referred to collateral matters instead of issues directly related to McDaniels' guilt or innocence; 2) the evidence merely contradicted evidence introduced at trial, rather than providing substantive proof of any fact in issue or asserting new, relevant facts; 3) the affidavits were of suspect credibility; and 4) McDaniels did not show that the evidence could not have been discovered and presented at trial in the exercise of due diligence. Because a judge was given discretion to entertain McDaniels' second petition under former R.C. 2953.23, we review the denial of that petition for abuse of discretion. State v. Apanovitch (1995),107 Ohio App.3d 82, 91, 667 N.E.2d 1041, 1047. The abuse of discretion standard also applies to the factual determinations made here, on the credibility of the affidavits, State v. Calhoun (1999),86 Ohio St.3d 279, 714 N.E.2d 905, paragraph one of the syllabus; and the grant of a new trial based on newly discovered evidence. Hawkins,66 Ohio St.3d at 350, 612 N.E.2d at 1235.
The judge correctly found that relief is not warranted when newly discovered evidence is not material, that such evidence must do more than impeach or contradict the State's evidence, and that the petitioner must show that the evidence could not have been discovered and presented at trial. Id. Finally, he correctly noted that, even under former R.C. 2953.23, a petitioner must show a strong probability that the newly discovered evidence would have caused a different result at trial. Id.
We find no abuse of discretion in finding that McDaniels' petition did not satisfy the standards for relief. McDaniels offered evidence suggesting that Mrs. Olie did not attend police academy training, contradicting her trial testimony that she recognized McDaniels' gun as a nine millimeter because of her police training. McDaniels also offered evidence suggesting that Mrs. Olie was acquainted with Kevin McDaniels prior to the incident, contradicting her testimony that she had never met him. We cannot find an abuse of discretion in finding this evidence "merely contradictory" and collateral to the ultimate issue of guilt. Although the evidence might have impeached Mrs. Olie's credibility, it was not positive evidence of McDaniels innocence.
The proposed evidence concerning Kevin McDaniels' admitting to commission of or involvement in the crimes and his prior acquaintance with Mrs. Olie can be considered as substantive evidence rather than contradiction or impeachment evidence. However, the judge did not abuse his discretion in questioning the credibility of this evidence. One of the affiants, Ralph Denham, was a convicted felon who claimed to have been imprisoned with Kevin McDaniels, and therefore claimed knowledge that Kevin received mail from Mrs. Olie while in prison. The judge was within his discretion to consider Denham's criminal history in judging the credibility of his affidavit, just as a jury would have done had Denham testified at trial. There was no abuse of discretion in finding that McDaniels' proposed evidence and witnesses did not create a strong probability of a different result at trial.
Finally, we find no abuse of discretion in finding that McDaniels failed to show that he could not have presented this evidence at trial. In his first petition for postconviction relief, McDaniels claimed that his trial counsel was ineffective for failing to discover and present evidence at trial. This court upheld the denial of that petition, concluding that McDaniels' claims of ineffective assistance of counsel should have been raised on direct appeal. Although the record indicates a number of procedural oddities with respect to McDaniels' case, and further suggests that McDaniels was represented by the same counsel at trial and on direct appeal, we are not in a position to review our prior decision. On the issues presently before this court, we cannot find that the judge abused his discretion in denying McDaniels' petition.
McDaniels' second assignment of error states:
 II. THE TRIAL COURT ERRED IN DENYING A HEARING ON DEFENDANT APPELLANT'S PETITION FOR POSTCONVICTION RELIEF.
McDaniels here suggests that because the judge determining his petition was not the trial judge, and the petition presented sufficient evidence to establish substantive grounds for relief, a hearing should have been conducted under the mandates of R.C.2953.21 (E). The State counters that McDaniels' affidavits at best are merely cumulative to evidence presented at trial and of no evidentiary significance and the requirement of a hearing on the petition is dependent on whether there are substantive grounds for postconviction relief.
Because of our findings in assignment of error number one, we find no merit in this assignment.
Judgment affirmed.
It is ordered that the appellee recover from the appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE, JUDGE
 TIMOTHY E. McMONAGLE, P.J., AND JOHN T. PATTON, J. CONCUR.
[1] At the same time, it appears that Judge Pokorny vacated his March 15, 1995 decision and recused himself on June 22, 1995, reconsidered his ruling and again rejected relief. However, the only entry reflected in the record before this court is Judge Pokorny's entry vacating the March 15, 1995 denial of relief. The appeal went forward despite whatever action was occurring in the trial court.
[2] Although the appellate opinion lists Paul Mancino as McDaniels' lawyer on direct appeal, the record shows that McDaniels' trial lawyer, Kenneth Callahan, served as his appellate counsel until April 1993, when he was allowed to withdraw. Mancino was appointed solely to conduct the oral argument, and the order appointing him expressly forbade raising any issue outside those raised in the briefs.